IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,800-01




EX PARTE SHANE PATRICK FOUNTAIN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 13476-A IN THE 344TH JUDICIAL DISTRICT COURT
FROM CHAMBERS COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
aggravated sexual assault of a child, and was entenced to twenty years’ imprisonment. He did not
appeal his conviction.
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel misled Applicant into believing that he was pleading guilty in exchange for a ten-year
probated sentence, when in fact he was entering an open plea to an offense that was not eligible for
“straight” probation. Applicant also alleges that counsel failed to file any pre-trial motions, failed
to investigate or interview the State’s witnesses, failed to move that Applicant be examined for
sanity and competency, failed to secure Applicant’s psychiatric records, failed to present evidence
of Applicant’s history of mental health issues in mitigation of punishment, and allowed the
introduction of extraneous offense evidence that was erroneous.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s trial counsel with the opportunity to respond to Applicant’s claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether the performance of Applicant’s trial
attorney was deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. 
The trial court shall also make findings as to whether Applicant was properly admonished as to the
nature and consequences of his plea, and as to whether he was advised of his right to appeal, or
whether he expressly waived his right to appeal. If Applicant did expressly waive his right to appeal,
the trial court shall supplement the record with a copy of the waiver. If Applicant did not expressly
waive his right to appeal, the trial court shall make findings as to whether Applicant indicated any
desire to appeal. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus
relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: November 3, 2010
Do not publish